**Peter Fox et al., trading as Peter Fox Sons Company, Defendants in Error, v. Western Union Telegraph Company, Plaintiff in Error.**

**Gen. No. 21,579.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed October 10, 1916. Rehearing denied October 23, 1916.

### Statement of the Case.

Action by Peter Fox, Anthony M. Fox, John L. Fox, Joseph J. Fox, Frank G. Fox, Michael E. Fox, William J. Fox and Eng. E. Fox, trading as the Peter Fox Sons Company, plaintiffs, against the Western Union Telegraph Company, a corporation, defendant, for damages resulting from the alleged negligence of the defendant in transmitting a telegram. To review a judgment for plaintiffs, defendant prosecutes a writ of error.

WEST & ECKHART, for plaintiff in error.

PINES & NEWMANN, for defendants in error; ALVIN E. STEIN, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. TELEGRAPHS AND TELEPHONES, § 32*—*what is measure of damages for error in transmission of telegram.* Where a telegram in which the plaintiff offered to purchase potatoes at sixty-nine cents a bushel was erroneously transmitted by the defendant so as to read seventy-nine cents, which offer was accepted by the addressee, and after the error had been discovered the shipment was made and paid for by the plaintiff at the latter price, *held* that in the absence of any proof as to the value of the potatoes at the time in question and of evidence from which it could be reasonably inferred that the plaintiff suffered any loss by reason of the alleged negligence of the defendant, the plaintiff was entitled to recover only the amount paid for the transmission of the telegram and interest thereon.

2. TELEGRAPHS AND TELEPHONES, § 37*—*when burden of proof is on plaintiff.* In an action for damages alleged to have resulted from the negligence of the defendant in transmitting a telegram, *held* that the burden of proving the damages was on the plaintiff.